FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 2 7 2014

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 14-453 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEITH J. CARR,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

**KEITH J. CARR,** and the Defendant's counsel, Samuel L. Winder:

## REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

      a.    to plead not guilty, or having already so pleaded, to persist in that plea;

      b.    to have a trial by jury; and

      c.    at a trial:

            1)    to confront and cross-examine adverse witnesses,

            2)    to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to the indictment, charging a violation of 18 U.S.C. §§ 1153 and 113(a)(6), that being Assault Resulting in Serious Bodily Injury.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for this offense is:

a.      imprisonment for a period of not more than ten years;

b.      a fine not to exceed the greater of $250,000.00 or not more than twice the pecuniary gain derivative or twice the pecuniary loss from the offense if applicable;

c.      a term of supervised release of not more than three years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

2

## DEFENDANT'S ADMISSION OF FACTS

6.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts and admit that the United States would prove beyond a reasonable doubt the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

7.      At approximately 2:12 p.m. on Friday, December 20, 2012, I, a Laguna Pueblo Indian **Keith J. Carr, the Defendant**, had been consuming, without interruption, alcoholic beverages since approximately 7:30 that morning, and I rolled my Honda Accord on New Mexico State Road 279 – a location on the Laguna Indian Reservation within Cibola County and within the State and District of New Mexico.   I had been driving the Accord at a high rate of speed (80-90 miles per hour), heavily under the influence of alcoholic beverages and unable to properly handle the vehicle so as to negotiate a curve in the road.   I survived the crash with only minor, unremarkable injury. From the crash, my passenger brother, **Elgin B. Carr, Jr.,** sustained multiple facial fractures, nasal bone fractures, fracture of the pneumothorax, orbital fractures, rib fractures and was placed in an induced coma.   **Elgin** was released from the hospital on December 27, 2012.

8.      At the crash scene, I was crying and holding the head of my non-responsive older brother, **Elgin**.   Both my brother and I smelled like the odor of alcoholic beverage. An almost empty bottle of Canadian Mist was under the passenger seat of the Honda. Both my brother and I

3

were airlifted by helicopter to the University of New Mexico Hospital (UNMH).

9.       On Saturday, December 21st, the day after the crash, I gave an interview to **Special Agent (SA) Figueroa** at UNMH.   The interview was proper with an acknowledgement of my *Miranda* rights.   In consenting to the interview, I indicated that I was a graduate of West Mesa High School and that I had served for four years in the United States Marine Corps from which I was honorably discharged.

10.      I began my interview by stating that I knew that my brother, **Elgin**, was in a coma and that I was sorry for what had happened.  I stated that I had been the driver of the Honda Accord when I lost control of the vehicle when I went into a curve at 80-90 miles per hour and as a result I rolled and crashed the vehicle.

11.      Prior to the crash of the Honda, I stated that on the day of the crash I began drinking alcoholic beverages all day beginning at approximately 7:00 or 8:00 on Friday, December 20th.   I stated that I began drinking Old Crow that morning purchased by my brother, **Elgin**.   I recalled that at some point we began traveling from Albuquerque to Paguate on Interstate 40 and continued to drink the Old Crow as we visited friends and family.   After leaving a friend's house, again with me driving, we finished the Old Crow and then stopped at a small bar called the Bibo Bar located in Seboyeta, approximately two miles north of Paguate Village.   At the Bibo Bar we purchased a bottle of Canadian Mist.

12.      After purchasing the Canadian Mist, we went back to a friend's house and drank some of the Canadian Mist.   I remembered leaving the friend's house at about 2:00 p.m.   From the friend's house, I drove the Honda with **Elgin** in the passenger seat, south on New Mexico State Road 279.   At this time **Elgin** and I began arguing and then, while the Honda was at 80-90 miles per hour, I observed an upcoming curve in the road and then I lost control of the Honda and it

4

rolled and crashed. Following the crash, I saw that **Elgin** was bloodied in the Honda and in a condition from which I did not believe that he would survive.

13.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

14.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.     As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b).   This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of

this agreement and the sentencing hearing.   Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.     The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

15.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed including, but not limited to, the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

16.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court including, but not limited to,

6

information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

17.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.   The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

> a.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## **RESTITUTION**

18.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

19.     In this case, the Defendant agrees to pay restitution, if applicable, in a total principal amount presently unknown.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

20.     Since the Defendant is a Laguna Pueblo Indian, the following provision, while standard in plea agreements, would be inapplicable.   The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

21.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within or below the applicable advisory guideline range as determined by the Court, as well as any order of restitution entered by the Court.   The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range.   In other words, the Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal any sentence imposed in this case except to appeal the sentence to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court.   In addition, the Defendant

agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.   The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c), should the Sentencing Commission so authorize.

## GOVERNMENT'S ADDITIONAL AGREEMENT

22.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

        a.      The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

23.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

24.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

25.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

26.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

27.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 27th day of June, 2014.

DAMON P. MARTINEZ
United States Attorney

PAUL H. SPIERS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

10

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
SAMUEL L. WINDER
Attorney for the Defendant

This agreement has been read to me in a language I understand.   I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
KEITH J. CARR
Defendant

11